# ASA J. STYLES v. M. LILLIAN STYLES.

(161 N. W. 198.)

**Custody of child — action concerning — judgment — findings — conclusions — attorneys' fees.**

This is an action or motion concerning the custody of a minor child of the plaintiff and the defendant. There was no good reason for commencing the action, and the judgment has been given for a large sum of costs and attorneys' fees, without any findings of fact or conclusions of law; and hence the judgment is reversed and the action dismissed without costs.

Opinion filed January 13, 1917.

Appeal from District Court, Benson County, *Hon. W. J. Kneeshaw,* Special Judge.

Reversed.

*Asa J. Styles,* for appellant.

Every reasonable presumption will be indulged in support of an "order for judgment," made after a hearing on trial by a court of competent jurisdiction. But in this case there was no trial or judgment upon final hearing. Garr, S. & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867.

An award of $150 "motion costs and sheriff's fees" is unauthorized. Rev. Codes 1905, § 4071, Comp. Laws 1913, § 4402.

A judgment for costs named by the court in a lump sum is erroneous. Power v. King, 18 N. D. 602, 138 Am. St. Rep. 784, 120 N. W. 543, 21 Ann. Cas. 1108; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35; Dahlund v. Lorentzen, 30 N. D. 275, 152 N. W. 684.

*Knauf & Knauf,* for respondent.

Findings and conclusions are required only in the event of final decisions being entered. Comp. Laws 1913, § 7639.

Costs in such cases are a matter of discretion of the trial court. Comp. Laws 1913, § 7795; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35.

ROBINSON, J. This suit relates to an unfortunate family affair. The plaintiff and the defendant were man and wife. They obtained a divorce and the care and custody of their daughter, a little girl, was awarded to the mother on condition that the father might visit with his child at certain reasonable times. The action was commenced to restrain the defendant from taking the child to Canada, where the defendant had made preparations to take a homestead. Numerous affidavits were taken, and it seems to be proven and conceded that the defendant had contemplated taking the child to Canada immediately prior to the commencement of this action, and as a result of the action she abandoned her purpose. The purpose of the action was to accomplish what might have been done by motion in the original action. It was submitted on numerous affidavits the same as a motion, and without any findings of fact or conclusions of law it was by the court adjudged that the decree of divorce be and remain in full force and effect, except that the minor children should not be removed by said Lillian Styles from the state of North Dakota without the written order or consent of the judge of the district court or one of the judges of the supreme court. The document called a judgment gave to the plaintiff all the relief he demanded, and with it awarded judgment against him for attorneys' fees for costs and expenses, amounting to a large sum. And there was no showing that the plaintiff had more property than the defendant. The complaint avers that the defendant has a mania for acquiring land and

property, and that in the divorce suit she testified that she was worth $20,000 in her own right.

In an unfortunate matter of this kind between husband and wife, where we may assume they stand fairly on an equality and one is as well to do as the other, there is no reason for awarding costs to either of them, unless pursuant to some statute. And as the whole proceeding from beginning to end was grossly irregular and there is no good reason shown for modifying the original judgment, which was entered pursuant to a written stipulation, it is ordered that the final order or judgment herein be, and the same is hereby, reversed and vacated, and the action is dismissed without costs to either party.